*In re* TOM MUN.

(*District Court, N. D. California.* August 21, 1888.)

CHINESE—RESTRICTION ACT—RE-ENTRY OF LABORER—EVIDENCE OF IDENTITY.

A Chinese laborer, claiming to be one Tom Mun, who left the United States before the passage of the restriction act, (Act Cong. May 6, 1882,) showed by the books of a steamer that Tom Mun sailed from this country March 15, 1882, and also by the books of a shoe factory that an employe of that name had been paid off a few days prior to that date. A white Chinese collector testified that he knew such laborer at the shoe factory as Tom Mun, and "guessed" that he left in 1878 or 1879. Chinese witnesses also testified as to his identity. It appeared, however, that the court had already allowed another person to re-enter the United States as the Tom Mun mentioned. *Held,* that the identity was not established, and such laborer was not entitled to land.

Petition for Writ of *Habeas Corpus* to release a Chinese laborer and permit him to enter the United States.

*Thos. D. Riordan,* for petitioner.

*John T. Carey,* U. S. Atty.

HOFFMAN, J. The petitioner claims to be entitled to land on the ground commonly known as "previous residence." He adduces the usual proofs tending to show that he left the United States on the 15th of March, 1882. The company's books are produced, showing that one Tom Mun paid his dues, and departed on the steamer Oceanic, which sailed on that date. Books also are produced from the shoe factory in which he claims to have been employed, which contain his name among those of the employes paid off a few days previous to the date of his alleged departure. He also produces one F. H. Martin, who testifies that he was a Chinese collector; that he knew the petitioner at the shoe manufactory mentioned, and he "guesses" he went away in 1878 or 1879, since which time he has not seen him. This discrepancy between the testimony of the petitioner and his only white witness is explained by the attorney for the petitioner by the suggestion that the date fixed by Martin is "as close as a white man could fix the departure of a Chinaman in whom he had no interest or business connection." This observation may be just, but it is also evident that the witness who made a mistake of three or four years as to the date of the departure may be equally mistaken as to the identity of the person whom he pretends, or perhaps thinks, he saw working in the shoe factory. It unfortunately happens, however, that it appears by the company's books produced by the petitioner that another Tom Mun, who claimed to be the party mentioned in the Six Company's book, was landed by the court. That entry has been canceled, affording certain proof that it has been used by the first Tom Mun, and successfully. The attorney for the petitioner, who was also the attorney of the first Tom Mun, is thus compelled to admit, and even to contend, that the first Tom Mun was landed by means of perjured testimony and false personation; but he insists that the present Tom Mun is the true owner of that name, and that he ought to be landed, notwithstanding the fraud previously practiced upon the court.

The circumstances of this case afford another instance of the perjuries and frauds committed in these cases, and of which the court has unfortunately been too often the dupe. Whether the present applicant is Tom Mun, or whether the real Tom Mun was the man heretofore landed, or whether either of them is the owner of the name, it is impossible to determine. It may be that a third Tom Mun will hereafter present himself, and the court will be asked to believe that the testimony in both these cases is false, and that the true and genuine Tom Mun is Tom Mun No. 3, who may hereafter make his appearance. When a Chinaman claims to be landed on the ground of previous residence, the burden of proof is upon him to show to the satisfaction of the court that he was in this country at the date of the treaty, and that he departed before the act of 1882 went into operation. If he fails to do so, he must, of course, be remanded. In this case I am unable to reach any satisfactory conclusion as to which of these Tom Muns, if either of them, is the person whose name is entered in the company's book. It is highly probable that somebody of that name did depart for China at the time specified, but whether the present petitioner or his predecessor of the same name is the man, depends entirely upon Chinese testimony, which was presented to the court in the first case with as much plausibility as the present case. I think that the petitioner has failed to establish his right to land, and must therefore be remanded.